## RODNEY FRENCH *vs.* LAURISTON FRENCH.

Bristol. January 1. — March 4, 1879. COLT & ENDICOTT, JJ., absent.

A., who had levied an execution on the property of a mining company in Colorado, and had bought the property when sold under the levy, and B., a creditor of the company, entered into an agreement in this Commonwealth, by the terms of which it was agreed that there was due A. a certain sum and interest, that A. should manage the property, and convey it to B. whenever he realized the amount of his demand "and interest as aforesaid," either from the property or from B. in liquidation of his "aforesaid demand." *Held*, on a bill in equity by B. against A., for the conveyance of the property, that the defendant was entitled to interest on the principal sum to the date of the decree, and upon advances and payments made by him in managing the property; and that the rate of interest was to be governed by the law of this Commonwealth, although the property was to be managed in Colorado.

MORTON, J. This is a bill in equity, the main object of which is to determine the amount which the plaintiff should pay to the defendant to entitle the former to a conveyance by the latter of certain mining property in Colorado, which formerly belonged to the New England Mining Company, and which was sold under a levy of an execution obtained by the defendant, and bought by him for the amount of his execution. The plaintiff was also a creditor of the company, and, by an arrangement between himself and the defendant, was to have an equitable interest in the property.

The case comes before us on exceptions to the report of a master, in regard to his rulings on the questions whether the defendant is entitled to interest, and, if so, at what rate it should be computed.

The rights of the parties depend upon two contracts, entered into by them in this Commonwealth in September 1868. By these contracts, which are to be construed together as parts of one transaction, the parties agree that the amount due the defendant from the mining company was "$2900 and interest from August 20, 1867"; that the defendant should manage the mining property in a manner to be mutually agreed upon from time to time between the defendant and the plaintiff, and that the defendant should convey the property to the plaintiff whenever he realized the amount of his said demand "of $2900 and interest

as aforesaid, either from sales of ore or other materials formerly belonging to said New England Mining Company, or from money paid over by said Rodney, or both of those sums, in liquidation of said Lauriston's aforesaid demand."

Under these contracts, it cannot be doubted that the master correctly ruled that the defendant was entitled to interest upon the balance of $2900, or such part as remained unsatisfied. It was an overdue account, recognized by the parties to be upon interest, and interest would continue to run upon it until it was satisfied. The necessary implication from the contracts is that such was the understanding of the parties.

We are also of opinion, that the master correctly ruled that the defendant was entitled to interest upon the payments and advances made by him in carrying out the contracts. He was managing the property for the joint benefit of himself and the plaintiff; those payments and advances were made upon the implied request of the plaintiff, and the rule applies, that, where one makes a payment upon the express or implied request of another, the former is entitled to interest from the time of the payment. *Ayer* v. *Tilden*, 15 Gray, 178. *Gibbs* v. *Bryant*, 1 Pick. 118.

The remaining question is as to the rate at which interest should be computed in adjusting the accounts between the parties, it appearing that the legal rate in Colorado is ten per cent, while in Massachusetts, in the absence of any express agreement, it is six per cent. The rule of law is, that interest is to be paid upon contracts according to the law of the place where they are to be performed, in all cases where interest is expressly or impliedly to be paid. Story Conflict of Laws, § 291. *Von Hemert* v. *Porter*, 11 Met. 210. In the case at bar, the contract of the plaintiff was, that, in order to entitle himself to a conveyance of the property, he would pay the sum of $2900 and interest, or such part as should remain unpaid from the proceeds of the property. It is true that a part of the contract was to be executed by the defendant in Colorado in managing the property in his hands; but the implied promise of the plaintiff to pay was made, and was to be performed, in Massachusetts. We are therefore of opinion that, in applying the rule of law to the peculiar contracts in this case, the interest should be computed at the rate

which prevails in Massachusetts, and that the decree should be modified accordingly.                    *Decree accordingly.*

*S. H. Tyng,* for the plaintiff.

*H. J. Fuller,* for the defendant.