JOHN L. MAYHEW *vs.* MARTHA'S VINEYARD NATIONAL BANK & another.

Dukes County.   October 25, 1909. — November 22, 1909.

Present: KNOWLTON, C. J., MORTON, LORING, & SHELDON, JJ.

*Equity Pleading and Practice,* Master's report, Appeal, Decree, Costs. *Interest. Equity Jurisdiction,* To redeem from mortgage.

In a suit in equity to redeem from a mortgage certain buildings belonging to the plaintiff as personal property, it was found by a master that the mortgage was given by the plaintiff to secure the defendant for divers sums of money advanced by him to pay taxes assessed to the plaintiff, and the master charged the plaintiff with interest upon the payments which were shown to have been made before the giving of the mortgage from their respective dates to the date of the mortgage. The plaintiff contended that these items of interest ought not to have been allowed. The master's report stated that there was no evidence of any agreement made by the defendant and the plaintiff as to interest, referring to interest after the date of the mortgage, but the master found that the mortgage was given to secure the repayment of the sums advanced to pay the plaintiff's taxes " and interest thereon up to the date " of the mortgage. The mortgage was created by a bill of sale and an instrument of defeasance, neither of which was before this court, and the master did not report the evidence on which he made his findings. The report showed that the advances made by the defendant were made upon requests of the plaintiff. *Held,* that in the absence of a report of the evidence this court was bound by the findings of the master, and, moreover, that the rule was applicable that where one makes a payment upon the request of another he is entitled to interest from the date of such payment. *Held, also,* that for the same reasons a finding of the master charging the plaintiff with interest, after the giving of the mortgage, upon the amount of the taxes paid by the defendant, as the principal sum secured by the mortgage, must be upheld.

In a suit in equity to redeem from a mortgage certain buildings belonging to the plaintiff as personal property, where it appears that the mortgage was given by the plaintiff to secure the defendant for divers sums of money advanced by him at the request of the plaintiff to pay taxes assessed to the plaintiff, the plaintiff is not entitled to diminish the amount which he must pay to redeem the property

by deducting from it the amount of a net balance due to him from the defendant upon an open mutual account current entirely outside the indebtedness secured by the mortgage.

In a suit in equity to redeem certain buildings belonging to the plaintiff as personal property from a mortgage made by the plaintiff to one L., of which mortgage the original defendant, a bank, claimed to be the assignee, where by an order of the court L. had been made a defendant, and the judge who heard the case found, contrary to the report of a master, that the defendant bank was not the assignee of the mortgage, a final decree was entered providing, that, if the plaintiff wished to redeem upon the terms fixed by the court, his payment should be made to the defendant L. From this decree the plaintiff appealed, but the defendant bank did not appeal. *Held*, that, as the defendant bank had not appealed and appeared to be content that the payment should be made to the defendant L., it was not necessary to consider whether the payment ought to have been made to the defendant bank or whether the finding of the judge that the defendant bank was not the assignee of the mortgage was correct.

In a suit in equity to redeem personal property from an equitable mortgage, the judge who heard the case made a final decree that the plaintiff was entitled to redeem the property from the mortgage upon payment to one of the defendants of certain sums of money with interest, and the plaintiff appealed from the decree on the ground that he should not be required to make certain of the payments ordered for the redemption of the property. This court, in deciding against the contentions of the plaintiff, ordered that the final decree appealed from should be so modified as to charge the plaintiff with the costs of the defendants upon the appeal, and that, so modified, the decree should be affirmed.

BILL IN EQUITY, filed in the Superior Court on October 17, 1906, a substitute bill being filed on January 12, 1907, and amended on March 31, 1907, and April 11 and September 15, 1908, by the owner of certain personal property, consisting of a store building, standing on lot No. 5 on Commonwealth Square on the grounds of the Martha's Vineyard Camp Meeting Association at Cottage City, and of a cottage standing on lot No. 13 on the same avenue, to redeem the property from a mortgage made by the plaintiff to one Zenas D. Linton, by means of a bill of sale and an instrument of defeasance, the bill of sale having been recorded in the office of the town clerk of the town of Cottage City, but the instrument of defeasance not having been so recorded.

The case was referred to Alexander McL. Goodspeed, Esquire, as master. He made a report, upon which the case was heard by *King*, J., who made an interlocutory decree, finding the facts to be as reported in the master's report except as to the finding that the defendant bank was the assignee of the equitable mortgage given by the plaintiff to Zenas D. Linton on November 10, 1900,

(meaning thereby the bill of sale of personal property from the plaintiff to Linton and the accompanying defeasance) and that it had the right to foreclose that mortgage, and in all things else confirming the master's report. He found and ruled that the plaintiff was entitled to redeem the personal property described in the bill from the lien of the equitable mortgage given by him to Zenas D. Linton, as found by the master, upon payment of the indebtedness which was secured thereby, and that an accounting should be had between the plaintiff and Linton. He ordered that Linton be brought in as a party defendant, and that the case be recommitted to the master to take and state the account and the indebtedness of the plaintiff, upon the payment of which the property might be redeemed from the mortgage.

Linton having been made a defendant, the master filed a supplemental report of the accounting before him, and exceptions, taken by the plaintiff to this report, were overruled by *Aiken*, C. J., who made a final decree, ordering that the plaintiff was entitled to redeem the property from the mortgage, given by him to the defendant Linton on November 10, 1900, upon payment by the plaintiff to the defendant Linton of the sum of $1,713.14 on or before September 15, 1909, and that upon such payment the defendant Linton should cancel and discharge the mortgage ; that if said sum was not paid on or before September 15, 1909, interest thereon should run from that date at the rate of six per centum per annum; that if said sum was not paid on September 15, 1909, the defendant bank might sell the property described in the mortgage at public auction, first giving sixty days' notice of the time and place of the sale to the plaintiff ; that out of the money arising from such sale the defendant bank should be entitled to retain the sum of $1,713.14 and interest thereon from September 15, 1909, and all costs, charges and expenses incurred by reason of such sale, and by reason of the failure of the plaintiff to pay the aforesaid amount on September 15, 1909 ; and that if any surplus should remain from the proceeds of such sale, after deducting said sum of $1,713.14 and interest, costs, charges and expenses as aforesaid such surplus should be paid to the plaintiff.

The plaintiff appealed from this decree, raising the questions which are disposed of in the opinion.

*R. J. Cotter,* (*J. L. Hall* with him,) for the plaintiff.

*W. A. Morse,* for the defendants.

SHELDON, J.    This bill, as amended, is brought to redeem certain personal property, being buildings standing upon leased land, from a mortgage given by the plaintiff to the defendant Linton.    An accounting was necessary to determine the amount now due upon the indebtedness secured by the mortgage, and the bill is rightly brought under the rule stated in *Bushnell* v. *Avery,* 121 Mass. 148, *Gordon* v. *Clapp,* 111 Mass. 22, and *Boston & Fairhaven Iron Works* v. *Montague,* 108 Mass. 248. The mortgage was created by a bill of sale and a separate instrument of defeasance.    Neither of these instruments is set out in the papers furnished to us, although copies of them were said to have been annexed to the original bill; and we have to act upon the meagre statements of their provisions contained in the pleadings and in the master's report.    After the mortgage to Linton, the property was conveyed by him and others, by bills of sale under seal and absolute upon their face, until it came finally to the defendant bank to secure another indebtedness to it from Linton; but it is not contended that the plaintiff's right of redemption is affected by any of these transfers.

1.    The master has reported that the mortgage was given to secure Linton for divers sums of money advanced by him to pay taxes assessed to the plaintiff, and has charged the plaintiff with interest upon the payments which were shown to have been made before the giving of the mortgage from their respective dates to the date of the mortgage.    The plaintiff contends that these items of interest ought not to have been allowed, on the ground that it does not appear that there was any agreement for the payment of interest or that any demands for payment were made such as would warrant the charging of interest.

In our opinion this contention cannot be sustained.    It is true that the master has stated in his supplemental report that " there was no evidence of any agreement made by Linton and Mayhew as to interest," that is, as we read the report, as to interest after the date of the mortgage; but he has also found that the mortgage was given to secure repayment of the sums advanced to pay the plaintiff's taxes " and interest thereon up

to the date " of the mortgage.  We have before us neither the papers themselves nor the evidence which was heard by the master, and are bound by his findings.  Moreover, apart from the master's finding that Linton made "repeated demands" upon the plaintiff for payment, Linton's payments were made upon the plaintiff's requests ; and " the rule applies, that, where one makes a payment upon the express or implied request of another, the former is entitled to interest from the time of the payment."  *French* v. *French*, 126 Mass. 360, 361, and cases cited.  The plaintiff was rightly charged with these items of interest.

2.  The plaintiff also contends that the master ought not to have charged him with interest since the giving of the mortgage upon the amount of the taxes, being the principal sum secured thereby.  But for the reasons already stated this contention cannot be sustained.

3.  There was also an open mutual account current between the plaintiff and Linton, upon which a net balance of more than $100 was due from the latter to the plaintiff.  The plaintiff contends that he should be credited with this sum, and that the amount both of principal and interest which he must pay to redeem the mortgage should be reduced accordingly.  But upon the master's findings the mortgage was given to secure simply the amounts paid by Linton for the plaintiff's taxes and interest thereon ; the account current between the parties was entirely outside this indebtedness, and in the absence of an agreement between the parties the charges and credits therein could neither increase nor diminish the amount of the debt secured by the mortgage which the plaintiff must pay if he wishes to redeem from the incumbrance.  That amount is not what would be found to be due upon a general settlement of all debts and accounts, but merely what is due under the mortgage.  *Bird* v. *Gill*, 12 Gray, 60.  *Holbrook* v. *Bliss*, 9 Allen, 69, 77.

The decree entered provides that the plaintiff's payment, if he wishes to redeem, is to be made to the defendant Linton.  As the bank has not appealed from the decree and appears to be content that the payment should be so made, we need not consider whether the payment ought not to be made to the bank. Nor for the same reasons need we consider whether the declara-

tion in the interlocutory decree that the bank was not the assignee of Linton's mortgage was correct.

The final decree appealed from should be modified so as to charge the plaintiff with the costs of the defendants upon this appeal, and so modified must be

*Affirmed.*