## MELISSA L. MILLS *vs.* EPAPHRO A. DAY.

Hampden.     September 27, 1910. — October 19, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Mortgage*, Of real estate, Foreclosure, Redemption.  *Interest.  Equity Jurisdiction*, Suit to redeem from mortgage, Accounting.  *Equity Pleading and Practice*, Interest, Costs.

A master, to whom was referred a suit in equity for the redemption of a farm of which the defendant had taken possession by reason of a breach of the conditions of a mortgage given by the plaintiff to the defendant, found that the defendant was fully examined *as to the extent of his effort to rent the farm*, that the defendant did not exercise due diligence therein, but was negligent and with almost no recompense permitted the farm to be occupied by parties of no financial responsibility for long periods, and that the defendant did not in good faith act as a prudent man in regard to the farm.  *Held,* that it was proper to hold the defendant to account to the plaintiff for the fair rental value of the premises and not merely for what the defendant received as rental.

A mortgagee of real estate entered upon and took possession of the premises for breach of the condition of the mortgage on June 28, 1893.  On June 27, 1896, the mortgagor brought a bill to redeem the premises from the mortgage.  Without an answer being filed, the suit was referred to a master on July 8, 1897.  Hearings before the master were not begun until June 19, 1907.  The defendant filed an answer on June 21, 1907.  The bill was amended on August 20, 1907.  The master in his report found that, because the defendant did not act in good *faith in the managing and renting of the farm,* he was chargeable for the rental value of the premises from July 1, 1893, to the date of his report, but made no finding as to the reason for the delay in the prosecution of the suit before 1906. It appeared that in December, 1906, the court set a time within which the master's report should be filed, and that, the order not being complied with, the defendant moved, in 1908, that the bill be dismissed for that reason, which motion the court denied, stating that the delay in the filing of the report " was due in large measure to the defendant." The defendant contended that he should not be held to account for the rental value of the premises beyond the time during which the suit reasonably might have been prosecuted to final decree.  *Held,* that upon the record it could not be assumed in favor of the defendant that there was any injustice in the master's finding.

Where a master, to whom was referred a suit in equity for the redemption of a farm, of which the defendant had taken possession by reason of a breach of the *conditions of a mortgage given by the plaintiff to the defendant,* rightly finds in a report, filed twelve years after the entry of the suit, that the defendant still was in possession and that he was chargeable with the rental value of the premises during the entire period of his possession, that the mortgage debt therefore was cancelled and that the defendant owed the plaintiff a certain balance, it is proper for the court to direct the defendant to pay to the plaintiff not only such balance but also interest thereon from the date of the filing of the master's report.

Where, at the time of the filing of a bill in equity to redeem real estate from a mortgage, there was a balance due to the defendant from the plaintiff upon the mortgage note and no tender of the amount so due was made by the plaintiff before the beginning of the suit and there is no contention by the plaintiff that the defendant refused to render an account or that he otherwise by his default prevented a tender, costs should be awarded to the defendant in accordance with the provisions of R. L. c. 187, § 24, although the suit was pending for twelve years and at the time of the final decree the mortgage debt had become paid and a balance was found to be due to the plaintiff from the defendant owing to the fact that during all of that time the defendant was in possession of the mortgaged premises and was held to be justly chargeable under the circumstances with the rental value of the premises.

BILL IN EQUITY, filed in the Superior Court on June 27, 1896, and amended on August 20, 1907, seeking to redeem a certain farm from a mortgage held by the defendant, because of a breach in the conditions of which the defendant on June 28, 1893, had entered upon and taken possession of the premises.

On July 8, 1897, an interlocutory decree was made, referring the suit to Henry H. Bosworth, Esquire, as master. The master filed his report on June 17, 1908, in which he found that at the time of the filing of the report there was nothing due on the mortgage note, but that the defendant, for the reasons stated in the opinion, should pay the plaintiff $702.63, the rental value of the farm during the time that he was in possession less certain deductions for payments made by the defendant for taxes. A final decree accordingly was made by *Fessenden*, J., and was entered on February 24, 1909, ordering the defendant to convey the farm to the plaintiff discharged of the mortgage, directing the defendant to pay to the plaintiff $795.66, being the amount found by the master to be due to the plaintiff with interest from the date of the filing of the report, and awarding "no costs to either party." The defendant appealed.

The case was submitted on briefs.

*J. L. Rice*, for the defendant.

*T. W. Kenefick, J. B. Carroll & W. H. McClintock*, for the plaintiff.

HAMMOND, J. This case is before us upon appeals by the defendant from the decree confirming the master's report and from the final decree in favor of the plaintiff.

1. The first objection is that upon the facts found by the master the defendant is not chargeable with the rental value of

the mortgaged premises, but only with the rent and profits actually received by him.

The report states that the " defendant was fully examined as to the extent of his effort to rent the farm," and that upon all the evidence the master found that " the defendant did not exercise due diligence therein but was negligent and careless and with almost no recompense permitted the occupancy of the farm by parties of no financial responsibility for long periods and did not in good faith act as a prudent man in handling the same." The master further found that the defendant's account " was not kept in the regular course of business but was apparently made up from memory and such records as the defendant could find at the time of the trial." It is too clear for discussion that upon such findings the defendant may be held to account for the fair rental value of the premises. *Miller* v. *Lincoln,* 6 Gray, 556. *Long* v. *Richards,* 170 Mass. 120, 125, and cases cited.

2. The second objection (as stated in the brief of the defendant) is that the defendant " is not chargeable either with the rental value or with rents and profits actually received, except from the date of his entry to foreclose to the date of the filing of the bill and for a time thereafter reasonably sufficient for the prosecution of the bill to a final decree "; and it is contended that the time covered by the final decree greatly exceeds such reasonable time. It is to be noted that this is not an objection that the bill should be dismissed for want of prosecution. Such a motion had been made by the defendant previous to the hearing before the master and had been overruled by the court; and the defendant did not appeal.

The bill was filed June 27, 1896, the last day of the three years next after the date of the entry to foreclose. It was not referred to the master until eleven months after the return day. The record does not show when the rule to the master was taken out, but the hearings before him did not begin until June 19, 1907, nearly ten years after his appointment. The defendant did not appear either *pro se,* or by counsel, until June 21, 1907, when he filed his answer. The bill never was taken for confessed, nor does it appear that the plaintiff ever made a motion to that end. An unusual length of time is thus shown to have elapsed between the time the bill was filed and the master ap-

pointed, and the time the hearings began before the master. It is urged that this delay is due to the plaintiff's inaction and that the defendant ought not to suffer on that account. This is not a case like *Bancroft* v. *Sawin*, 143 Mass. 144, cited by the defendant, where the plaintiff after filing his bill took out no subpœna and never notified the defendant of the suit and the defendant had no knowledge of it for more than two years. In the present case the defendant is not without fault. Here upon the filing of the bill the subpœna was promptly taken out, and the defendant does not contend that it was not promptly served. He did not file his answer until June, 1907, about eleven years after the subpœna was issued. He had full knowledge of the pendency of the suit, and therefore knew that he was still a mortgagee in possession, with all the rights and subject to all the duties arising out of that situation, and that he would be held answerable to the owner in fee for the proper management of the trust he had assumed. With this knowledge he kept possession of the property under his title as mortgagee long after the mortgage debt had been paid, and did not act in good faith in the management. The interlocutory decree overruling the motion of the defendant, made in 1908, that the bill should be dismissed because of delay in filing the master's report within the time set by the order of the court in December, 1906, distinctly stated that the delay in the filing of the report " was due in large measure to the defendant." While it is true, as stated by the defendant, that this is no finding as to the delay before 1906, it is also true that the master has made no finding as to who is responsible for the delay before that time ; and upon this record we cannot assume in favor of the defendant that there is any injustice to him in holding him answerable in this suit for the proper management of his trust so long as he, claiming to be a mortgagee in possession, held the property. There is no error in the master's report in this respect.

3. The final decree properly allowed interest from the filing of the master's report. *Merriam* v. *Goss*, 139 Mass. 77, 84.

4. The defendant's contention that under R. L. c. 187, § 24, he is entitled to costs is correct. No tender was made before the filing of the bill, and at that time the condition of the mortgage had not been fully performed. There was still something

due upon it.  It is no answer to this to say that at the time of the final decree there was nothing due.  The thing to be tendered is the sum due when the tender should be made, that is, before the filing of the bill.  There is no contention here by the plaintiff that the defendant refused to render any account or otherwise by his default prevented a tender.  Costs therefore should be allowed the defendant.

We have considered all the objections raised by the defendant. The result is that the decree confirming the master's report, and the final decree with the modification as to costs, should be affirmed.

*So ordered.*