WILLIAM G. CLARK, trustee, *vs.* ARTHUR D. STORY & others.

Essex.    November 3, 1910. — February 28, 1911.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Equity Jurisdiction,* For an accounting, To redeem mortgaged property.

In a suit in equity by the owner of a vessel or by his trustee in bankruptcy, for an accounting, against the assignees of a mortgage on the vessel who had taken possession of her under an assumed foreclosure of the mortgage, which is found to have been fraudulent and void, and have repaired and made use of the vessel at a good profit, the defendants must be charged with the net amounts which they have received as the earnings of the vessel or which by the exercise of due diligence they ought to have received.

In a suit in equity by the owner of a vessel or by his trustee in bankruptcy, for an accounting, against the assignees of a mortgage on the vessel who had taken possession of her under an assumed foreclosure of the mortgage, which is found to have been fraudulent and void, and repaired and made use of the vessel at a good profit, and who consequently are charged with the net amounts which they have received as the earnings of the vessel, if it is shown that one of the defendants rendered services in connection with the use of the vessel, which resulted in very successful voyages and very large earnings, and that a fair compensation for such services would be $500, such defendant is entitled to be credited with that amount, and is not to be deprived of it on the ground that he should not be allowed to profit by his wrongdoing, because the avoidance of the foreclosure does away with the effect of the fraud and the defendants are to be treated as mortgagees in possession, whose duty it was to put the vessel to a valuable use, and there is no reason why the plaintiff should take without compensation the benefit of the valuable services of the defendant which produced an advantageous result for the plaintiff's benefit.

In a suit in equity by the owner of a vessel or by his trustee in bankruptcy, for an accounting, against the assignees of a mortgage on the vessel who had taken possession of her under an assumed foreclosure of the mortgage, which is found to have been fraudulent and void, and repaired and made use of the vessel at a good profit, and who consequently are charged with the net amounts which they have received as the earnings of the vessel, the defendants are not to be allowed for premiums paid for insurance, a part of which was upon another vessel, as the premiums for insurance, even on the vessel in question, constituted no part of the mortgage debt and were not paid under any provision of the mortgage, but were wholly independent matters.

BILL IN EQUITY, filed in the Supreme Judicial Court on June 15, 1908, and amended on October 18, 1909, by the trustee in bankruptcy of John Gleason, Jr., to redeem two schooners, named respectively the Mary A. Gleason and the Agnes V. Gleason, from mortgages made by the bankrupt, and for an accounting.

The case was referred to Alfred W. Putnam, Esquire, as master. After the filing of his reports, the second being upon a recommital, the case was heard by *Rugg*, J. He found that there had been a valid foreclosure of the mortgage upon the Mary A. Gleason and that the plaintiff had no right to redeem that vessel from the mortgage upon it. In regard to the Agnes V. Gleason, he found as follows:

"I have read over all the evidence reported by the master, and find that his material findings of fact are supported by it, and none of them are plainly wrong. It follows that the attempted foreclosure of the Agnes V. Gleason was invalid and fraudulent against the plaintiff, and he is entitled to redeem her. The defendants under the assumed foreclosure took possession of her, repaired her and navigated her at good profit until March, 1908, when she was lost at sea. . . . Under the frame and prayers of the bill and the report of the master, and in view of the way in which the case was tried before the master, I rule that the plaintiff is entitled to an accounting for the value of the schooner at the time of her loss and the profits made by her between then and the time of the fraudulent foreclosure. . . . The defendants having been fraudulently in possession of the schooner are not entitled to any [compensation for] services in her care and management. They cannot in equity make profit out of their wrong. The rule as to mortgagees in possession of real estate has no application. This bill is to redeem and for an accounting. It is not in the nature of an action of assumpsit, nor in any way in confirmation of the act of the defendant in attempting to foreclose. None of the defendants are entitled to credit for any expenditures for the benefit of the Mary A. Gleason or the Agnes V. Gleason or of their owner before the foreclosure. Respecting these they stand as general creditors and cannot be permitted in equity to obtain an advantage by their wrongful attempt at foreclosure. The defendants are not en-

titled to recover anything for the "outfit" for which the crew were ultimately responsible, and as to which they protected themselves by insurance. But they are entitled to interest on the mortgage to the defendant from the date of foreclosure, up to which time interest appears to have been either paid or computed in the figure $2,300.

"The defense of laches on the part of the trustee in bankruptcy after his appointment was expressly waived. I do not find any laches on the part of the bankrupt himself which affects the plaintiff. The plaintiff is entitled to recover the value of the schooner at the time of her loss and the profit she earned after the attempted foreclosure less the amount of the mortgage with interest at the time and valid liens, which appear to be $1,142.76, with interest from the date of filing the bill to date of final decree. The master is correct in his rulings of law as to liens. The parties agree that this figure of $1,142.76 is right provided no error in law has been made.

"It follows that all exceptions of the plaintiff and all exceptions of the defendants are to be overruled as either unsound in law or immaterial, and the master's reports are to be confirmed. The balance due from the defendants to the plaintiff is $1,142.76. A decree should be entered for plaintiff for this sum with interest and costs."

From a decree entered in accordance with this memorandum of decision the defendants appealed.

The defendants' thirteenth exception to the master's report, mentioned in the opinion, was to the refusal of the master "to find in the statement of account, that the defendant Benjamin A. Smith is entitled to the sum of $500 for his compensation for services rendered in connection with the schooner Agnes V. Gleason." Benjamin A. Smith was one of the three defendants, who were the assignees of the mortgage on the Agnes V. Gleason and who attempted the foreclosure which was found to have been fraudulent. In regard to the value of the services rendered by Benjamin A. Smith the master made the following finding: "At the request of the defendants I find, if it be at all material, that $500 would be a fair compensation for a man of B. A. Smith's experience for services similar to those he rendered in connection with this schooner between April, 1907,

and March, 1908." He refused to find that Smith should be allowed this sum.

*J. M. Marshall,* for the defendants.

*W. A. Pew, Jr.,* for the plaintiff.

SHELDON, J. The questions now raised relate only to the schooner Agnes V. Gleason and to the mortgage upon her.

1. The attempted foreclosure having been avoided as fraudulent, the defendants must be treated as assignees of the mortgage. Having been in possession and control of the vessel, they must be charged with the net amounts which they have received as her earnings, or which by the exercise of due diligence they ought to have received. *White* v. *Brown,* 2 Cush. 412. *Mills* v. *Day,* 206 Mass. 530. They have been charged only with what they actually received. Of this they have no right to complain.

2. They contend however that from these earnings there should be made certain deductions which have not been allowed to them.

As to the first of these items, the sum of $308.41, for the outfit furnished to the crew of the vessel on her last trip, the defendants since the argument was made in this court have waived their exceptions.

The second of these items is the sum of $160.67, alleged to have been paid to the captain. It is charged in the account produced by the defendants as " commission on stock." The defendant B. A. Smith testified on cross-examination that this was the "captain's commission, percentage paid the captain, his wages for running the vessel." But it already had appeared that the captain and crew were to have for their pay four-fifths of the value of the catch that should be made; and there is in the testimony no further explanation of this item. It was not shown on what sum the commission was reckoned, or that there was any agreement or any custom that this allowance should be given. We may surmise facts which would justify such an expenditure, or even make it necessary; but we cannot discover either in the facts reported, or in the evidence, ground for more than a surmise. The master was unable to find on the evidence what this commission was. The court is in the same position. This item was properly disallowed.

The master found that a fair compensation for the services of the defendant B. A. Smith would be $500, but ruled that noth-

ing should be allowed to him. The plaintiff contends that this ruling was right because the foreclosure by which the defendants gained their title was fraudulent, and they ought not to be allowed to profit by their wrongdoing. But in the opinion of the majority of the court the avoidance of the foreclosure does away with all the effects of the fraud which has been found. It was conceded at the argument that the defendants as mortgagees were entitled to the possession of the vessel. It was their duty, so far as might be, to put her to a profitable use; and we already have seen that if they had not done so they would have been responsible for whatever profits should have been realized. Smith's services have been valuable. The master has found that the earnings of the vessel have been unusually large, and her voyages very successful. The plaintiff now takes the benefit of the valuable services which have produced this advantageous result. Both upon principle and authority he should be charged with their fair value. *Adams* v. *Brown*, 7 Cush. 220. *Gerrish* v. *Black*, 104 Mass. 400. *Waterman* v. *Curtis*, 26 Conn. 241.

The master properly refused to set off against the amount for which the defendants were found liable upon the accounting their independent demands for insurance premiums paid by them for the mortgagor. Some of these premiums were for insurance upon another vessel; none of them constituted any part of the mortgage debt, or were paid under any authority contained in the mortgage, or in the performance of any of its terms. They were wholly independent matters. *Mayhew* v. *Martha's Vineyard National Bank*, 203 Mass. 511, 515.

3. The master's findings as to the value of the vessel were justified by the evidence before him. Certainly they were not plainly wrong.

4. Interest was properly computed in the decree which was entered by the single justice.

It is unnecessary to consider the defendants' exceptions in detail. All that have been argued are covered by what has been said. The decree appealed from must be modified so as to sustain the defendants' thirteenth exception to the master's report, and to reduce the amount found in favor of the plaintiff by the sum of $500, and so modified must be affirmed.

*So ordered.*