EPAPHRO A. DAY *vs.* MELISSA L. MILLS.

Hampden. November 11, 1912. — February 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Review. Equity Pleading and Practice,* Petition for review, Appeal, Decree, Order for decree. *Supreme Judicial Court,* Rescript.

If a judge of the Superior Court, after hearing a petition for a review of a final decree in a suit in equity, finds facts adverse to the allegations of the petition, such findings are not open to revision upon an appeal by the petitioner.

In a suit in equity in the Superior Court for the redemption of certain land from a mortgage, a final decree was entered, directing the defendant to convey the land to the plaintiff discharged from the mortgage and to pay to him a certain amount found due on an accounting for use and occupation of the land, and awarding costs to neither party. The defendant appealed. A rescript was sent by this court directing that the final decree be modified by giving to the defendant costs, and that the decree as thus modified was to stand. A judge of the Superior Court, on a motion by the plaintiff, amended the final decree by adding to the sum to be paid to the plaintiff an additional sum for further use and occupation of the land by the defendant since the previous decree. *Held,* that the rescript of this court was not a decree, but was an order for a decree, and that the Superior Court, under R. L. c. 173, § 48, had power so to amend the former decree as to determine as of the date of the final disposition of the suit the obligations of the defendant to the plaintiff in the matter involved in the suit.

RUGG, C. J. This is a petition for review of a judgment by way of final decree obtained against the petitioner by the respondent in a suit in equity brought by the latter as plaintiff to redeem land from a mortgage held by the present petitioner, defendant in the equity suit. The equity suit was heard upon its merits before a master, and upon an additional and subsequent issue by the

court. The petitioner alleges that the hearing before the master was had in the absence of certain of his material witnesses. But his course under such circumstances was to ask for a continuance under the well settled practice. No newly discovered evidence in its legal sense is alleged, and that which is referred to appears to have been merely cumulative. He further alleges a hearing without notice to him and his ability and intention if notified to have been present and produce evidence in his behalf. Upon all matters of fact the finding was adverse to the petitioner in the Superior Court. It is familiar law that such decision is not open to revision here.

In the suit in equity a final decree was entered in the Superior Court, ordering Day to convey to Mills the land in question discharged of the mortgage, to pay her $795.66, being the amount found due upon accounting for use and occupation of the land, and awarding no costs to either party. From this decree Day appealed to this court. 206 Mass. 530. The material part of the rescript in accordance with that opinion was in these words:

"In the case of *Melissa L. Mills* v. *Epaphro A. Day* pending in the Superior Court for the county of Hampden: Ordered, that the clerk of said court in said county, make the following entry, under said case, in the docket of said court, viz.: The final decree is to be modified by giving the defendant costs and thus modified the decree confirming the master's report and the final decree are to stand." It was filed in October, 1910. The master's report brought the account down to 1908. In March, 1911, upon a motion by Mills and after a hearing, the Superior Court made a supplemental decree bringing the account between the parties down to that date, and charging Day with $200 for the net rental of the land for 1909 and 1910. An amended final decree was entered, the first two paragraphs of which, touching the reconveyance of the land, the discharge of the mortgage and a declaration that the note had been paid, was in the language of the final decree appealed from in 206 Mass. 530, and a third paragraph, directing Day to pay to Mills a sum made up of the amount originally ordered paid and the $200 found due by the supplementary decree, but containing no reference to costs.

The question is whether any error of law is presented in this record. Stated more specifically, it is whether, when in a suit in

equity an appeal to the full court is taken from a final decree entered in the Superior Court, a rescript, which directs a docket entry confirming certain parts of the decree and changing other parts is a decree of such a nature that the Superior Court has no further power over the case save to enter a decree in accordance with the terms of the rescript.

It was decided, after mature consideration, in *Merrill* v. *Beckwith,* 168 Mass. 72, that "the rescript of the full court directing a decree to be entered is an order for a decree, but not the decree itself." A docket entry or an order for a docket entry is not a final decree. *Plaisted* v. *Cooke,* 181 Mass. 118. This decision has been reaffirmed repeatedly. *Tyndale* v. *Stanwood,* 187 Mass. 531. *Crossman* v. *Griggs,* 188 Mass. 156, 160. The rescript in the case at bar required the entry of a new decree. This is not a case where this court itself prescribed the form of the final decree which should be entered. In such case no appeal would lie. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, 162. *United States* v. *New York Indians,* 173 U. S. 464, 472, 473, and cases there cited. It was the duty of the Superior Court in entering such new final decree to follow implicitly the principles of law laid down in the opinion upon which the rescript was founded. *Lincoln* v. *Eaton,* 132 Mass. 63, 69. *Attorney General* v. *New York, New Haven, & Hartford Railroad,* 201 Mass. 370, 371. Nor could it re-try questions of fact brought before this court on appeal in equity, where this court examines the evidence and decides the case according to its judgment.

These principles, however, do not prevent the Superior Court, in the exercise of its discretion and in the performance of its duty to see that justice is done, from taking such further proceedings as will adapt the decree finally entered to the needs of the case in order to adjust correctly the rights of the parties. The statute permitting amendments is very broad. R. L. c. 173, § 48. It applies as well to suits in equity as to actions at law. *Crease* v. *Babcock,* 10 Met. 525, 529. *Merchants Bank of Newburyport* v. *Stevenson,* 7 Allen, 489, 491. *King* v. *Howes,* 181 Mass. 445. The power to grant such amendments exists up to the time of the entry of final decree. It is a remedial statute, and in reason should be as broadly interpreted respecting suits in equity as in actions at law. See *West* v. *Platt,* 124 Mass. 353; *Childs* v. *Boston & Maine Rail-*

*road, ante,* 91. In the present case, Day having remained in possession of the mortgaged premises against the rights of the plaintiff in equity, it was necessary that his obligations in this regard should be determined at some time. It was more appropriate that they should be adjusted by the final decree in the pending suit in equity than that a new proceeding should have been brought therefor.

This decision in no wise conflicts with the settled principle "that after the entry of a final decree in equity, as after the entry of a final judgment in a suit at law, the case is finally disposed of by the court, subject to such rights of appeal, if any, as the statute gives, and the court has no further power to deal with the case except upon a bill of review." *White* v. *Gove,* 183 Mass. 333, 340. *Lakin* v. *Lawrence,* 195 Mass. 27. *Marshall Engine Co.* v. *New Marshall Engine Co.* 203 Mass. 410, 416. In the case at bar no amendment to the pleadings was allowed after rescript which changed the nature of the issues, or involved questions new or different in character from those tried and decided earlier. Nothing appears to have been tried which affected the order that Day was entitled to ·his costs. In the respect of failing to give costs to the defendant the final decree entered in the Superior Court did not conform to the terms of the rescript. In order to correct this error, review must be granted.

The decree must be reversed for the purpose of adding a paragraph awarding costs to Day, but in other respects must stand.

*So ordered.*

The case was submitted on briefs.

*D. E. Webster,* for the petitioner.

*T. W. Kenefick, J. B. Carroll & W. H. McClintock,* for the respondent.