LILLIAN YOUNG *vs.* STEPHEN W. REYNOLDS.

Barnstable.   January 26, 1914. — May 25, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Equity Pleading and Practice,* Decree, Appeal, Exceptions to rulings of judge, Costs. *Equity Jurisdiction,* To redeem from execution sale. *Execution. Interest.*

After a hearing of a suit in equity at which one of the parties saves exceptions to rulings of the judge, the judge has no power to enter a final decree until the exceptions are disposed of. If the judge attempts to enter such a decree, it will be treated in the consideration of the exceptions merely as an order for a decree, and an appeal therefrom will be dismissed.

Where the record accompanying a bill of exceptions in a suit in equity contains no copy of a replication, and the bill of exceptions does not state that the suit was heard on the bill and answer, and a memorandum for a final decree states that the suit was heard "upon bill and answer and was submitted on evidence and argument by counsel," the case will be treated by this court as one decided upon evidence introduced by the parties.

A ruling by the judge who heard a suit in equity to redeem from an execution sale certain "wild and uncultivated land, given over at the time of the purchase by the defendant to weeds, beach grass and bushes," that sums paid for "labor in cutting down silver leaf poplar bushes, and clearing [the] land of dead leaves and bushes from former cuttings" were "reasonable expenses incurred for repairs and improvements," which, among other sums, the provisions of R. L. c. 178, § 33, require that the plaintiff should tender to the defendant as a condition precedent to redemption, cannot be said to have been wrong as a matter of law, especially in the absence of a report of the evidence upon which it was made.

In a suit in equity under R. L. c. 178, § 33, to redeem certain land from an execution sale, the defendant is entitled to be credited, in the computation of the sum which the plaintiff must pay in order to redeem, with interest on sums paid by him for taxes while in possession of the land and reasonable expenses incurred for repairs and improvements.

In a suit in equity to redeem from an execution sale, the matter of costs is left under R. L. c. 178, § 41, to the discretion of the presiding judge except in the cases specified in that section; and therefore an exception by a plaintiff in such a suit to the awarding of costs to the defendant must be overruled where the evidence upon which the award was made is not before this court.

Where, in a suit in equity for the redemption of certain land from an execution sale, the defendant is awarded costs, it is proper to require that such costs be deposited with the clerk of the court for the use of the defendant.

A decree in a suit in equity awarding costs should state the amount of the costs.

In a suit in equity for the redemption of land from an execution sale, where after a hearing the amount to be paid to the defendant for redemption under R. L. c. 178, § 33, is determined and costs are awarded to the defendant, a decree should order that, if such amount and costs are not paid by the plaintiff to the defendant within a certain time, a final decree stating that fact and dismissing the suit with costs shall be entered.

BILL IN EQUITY, inserted in a common law writ in the Superior Court, dated January 29, 1910, seeking to redeem certain real estate in Chatham from an execution sale.

The answer alleged, among other things, that the plaintiff never had sought for an ascertainment of the amount due to the defendant upon redemption, that the defendant never had refused an accounting, and that the plaintiff never had tendered a sufficient sum for redemption. The record contained no replication.

In the Superior Court the case was heard by *Dubuque*, J., at the April sitting of the court at Barnstable. Material facts are stated in the opinion.

The sitting of the court was adjourned *sine die* on April 23, 1913. On April 25, the defendant presented a draft of a decree to the judge and to the plaintiff's counsel. On Monday, April 28, the clerk received the draft decree from the judge by mail with instructions to enter it as a final decree under the date of April 26. The plaintiff excepted to the entry of the decree on April 26, instead of April 28. These exceptions were filed on May 13, 1913.

The decree, which this court decides was entered improperly pending the determination of these exceptions, and which is treated as an order for a decree, was in substance as follows, so far as it is material to this decision:

"This cause came on to be heard at this term upon bill and answer and was submitted on evidence and argument by counsel, items 1, 3, 6, 7, 8 and 9 being agreed to both by the petitioner and by the respondent, and, thereupon, upon consideration thereof, it is ordered, adjudged and decreed

"That the petitioner pay to the clerk of this court on or before July 1, 1913, the sum of $299.95, consisting of the several sums

paid out by the respondent on the several dates for the several purposes as follows, viz.:

| | | | |
|---|---|---|---|
| 1. Feb. 24, 1909, | Paid for property at sale on execution, | $231.00 |
| 2. May 4, 1909, | Paid H. F. Gould, labor in cutting down silver leaf poplar bushes, and clearing land of dead leaves and bushes from former cuttings, | 11.40 |
| 3. July 20, 1909, | Paid taxes and costs on land for year 1908, | 10.46 |
| 4. Sept. 4, 1909, | Paid Solomon Atwood, labor in cutting down silver leaf poplar bushes and clearing land of dead leaves and bushes from former cuttings, | 4.00 |
| 5. Sept. 4, 1909, | Paid H. F. Gould, labor in cutting down silver leaf poplar bushes, and clearing land of dead leaves and bushes from former cuttings, | 2.00 |
| 6. Dec. 3, 1910, | Paid taxes and interest on land for year 1909, | 10.01 |
| 7. Jan. 6, 1911, | Paid taxes on land for year 1910, | 11.12 |
| 8. Jan. 4, 1912, | Paid taxes on land for year 1911, | 10.53 |
| 9. Jan. 4, 1913, | Paid taxes on land for year 1912, | 9.43 |

$299.95

together with interest upon the aforesaid several sums from the aforesaid several dates upon which the aforesaid several sums were paid by the said respondent, until the date upon which the said petitioner shall pay to the said clerk the aforesaid principal sum of $299.95 with interest as aforesaid, together with respondent's costs, to the use of the said respondent. . . .

"And that upon the failure by the said petitioner to pay such sum and such interest thereon, together with respondent's costs, within said time, then the bill to stand dismissed out of court."

The case was presented to this court upon exceptions alleged by the plaintiff to certain rulings of the judge. There was appended to the bill of exceptions a statement of an appeal by the plaintiff from the decree printed above.

*W. O. Kyle*, for the plaintiff.

*H. A. Harding*, for the defendant, submitted a brief.

LORING, J. This case comes before us on a bill of exceptions taken at a hearing on a bill in equity brought under R. L. c. 178, § 39, to redeem land from an execution sale.

1. Exceptions having been taken at the hearing, the judge had no power to enter a decree. *McCusker* v. *Geiger,* 195 Mass. 46. We treat the so called decree as an order for a decree. The appeal from the so called decree is not before us and must be dismissed. The questions raised by the exceptions will be considered.

2. The plaintiff asked the judge to rule as matter of law that sums paid for "labor in cutting down silver leaf poplar bushes, and clearing [the] land of dead leaves and bushes from former cuttings" were not "reasonable expenses incurred for repairs and improvements" within R. L. c. 178, § 33. The plaintiff in his brief has assumed that the case was heard on bill and answer. But there is no statement to that effect in the bill of exceptions; and the so called decree referred to in the bill of exceptions states that the cause was heard "upon bill and answer and was submitted on evidence and argument by counsel." We take the case as a case decided on evidence introduced by the parties. It is stated in the bill of exceptions that the land in question "was wild and uncultivated land, given over at the time of the purchase by the defendant to weeds, beach grass and bushes." We cannot say as matter of law, especially in the absence of the evidence on which the ruling was made, that such expenses are not "reasonable expenses incurred for repairs and improvements." It would seem pretty plain even in the absence of evidence that wild land would deteriorate unless silver leaf poplar bushes were cut down and dead leaves and bushes from former cuttings were taken away. See in this connection *Reed* v. *Reed,* 10 Pick. 398; *Merriam* v. *Goss,* 139 Mass. 77.

3. The next ruling asked for was that interest could not be allowed to the purchaser at the execution sale on taxes paid by him while he was in possession, or on the sums (just referred to) incurred in cutting down poplar bushes and clearing the land from dead leaves and bushes from former cuttings. The plaintiff's argument in this connection is that the right of redemption which he is pursuing is a statutory one, and that the statute (R. L. c. 178, § 33) which defines the sums to be paid in order

to redeem states that "interest" is to be paid on the amount for which the land was sold at the execution sale and does not state that interest is to be paid on "amounts paid for lawful taxes and assessments, [and] reasonable expenses incurred for repairs and improvements." The provision is that the debtor may redeem land taken or sold on execution "by paying or tendering to the creditor or purchaser, as the case may be, the amount for which they were so set off or sold with interest thereon from the time of the levy, all amounts paid for lawful taxes and assessments, reasonable expenses incurred for repairs and improvements and, in case of levy by set-off, all amounts lawfully paid on account of any mortgage or other lien recoverable under the provisions of section forty-eight, and deducting from such amount in each case the rents and profits received or which might have been received by the creditor or purchaser and with which he is lawfully chargeable." The first statute of which R. L. c. 178, § 33, is the re-enactment was Prov. St. 1712–13, c. 8. That act gave the debtor whose land had been taken on execution a right to redeem in one year "upon paying the full sum for which the same was taken, with interest from that time, and the reasonable necessary charges and disbursements laid out and expended thereon for repairing or bettering of the same, over and above what and so much as the rents, profits and improvements made thereof shall fall short of reimbursing such charges; to be accounted for by the party for whom the same was taken on execution, his heirs or assigns, agreeable to the provision made in the act for equity of redemption of estates upon mortgage forfeited for the condition broken." The act referred to was Prov. St. 1698, c. 22, § 4. That provided that the "mortgager" should have a right to redeem upon "tendering payment of the original debt and damages, or such part thereof as was remaining unpaid at the time of entry, with reasonable costs and allowance for any disbursements afterwards laid out on such housing or lands for the advancement and bettering of the same, over and above what the rents, profits or improvements thereof made shall amount unto, upon a just computation thereof by the court." Under that act we have no doubt that interest could be allowed on sums paid by the purchaser for taxes and expenses for repairing and better-

ing the estate. Moreover in St. 1783, c. 57, § 3 (re-enacting Prov. St. 1712–13, c. 8, § 1), it is expressly provided that interest on the rents, profits and improvements thereof is to be accounted for by the purchaser. If in making up the account of what is due interest is to be accounted for by the purchaser on the rents and profits received by him, he must be entitled to interest on sums paid out by him for which he is to have credit. In the Revised Statutes the provisions of the statute here in question were put into their present form (Rev. Sts. c. 73, § 24), and since then have been re-enacted without change. Gen. Sts. c. 103, § 26. Pub. Sts. c. 172, § 31. R. L. c. 178, § 33. The exception to this ruling must be overruled.

4. The next exception is to the refusal of the judge to rule that the defendant was not entitled to costs because he had not tendered an account before the beginning of this suit. By the true construction of R. L. c. 178, § 41, the matter of costs is left to the discretion of the court, except in the cases there specifically stated. This is made plain by the wording of the original act (Rev. Sts. c. 73, § 29), and by the note of the commissioners as to it. Rev. Sts. c. 73, § 29, provides that: "The court may, upon such bill for redemption, award costs to either party, as equity may require." In their note to Rev. Sts. c. 73, §§ 27, 28, 29, the commissioners say: "The creditor should never be required to pay costs, unless by his own unjust and unreasonable conduct he has compelled the debtor to resort to the law for redress; and the court, in the exercise of their discretionary power, would no doubt allow him his costs, in all cases when a suit was unnecessarily brought against him." This exception must be overruled.

5. The plaintiff's next exception is to the ruling that the costs to which the defendant is entitled must be deposited with the clerk for the use of the defendant. This provision follows the precedents in decrees for the redemption and foreclosure of mortgages. See 2 Dan. Ch. Pract. (5th Am. ed.) 997; Seton's Judgments & Orders, (7th ed.) 1825, 1832, 1852. The so called decree is not so favorable to the defendant as it ought to be. It should provide that if the amount specified was not deposited within the time specified the bill should be dismissed with costs.

6. The date of the so called decree, which in legal effect is an order for a decree, is of no consequence. If it can be construed

to have been the subject of a ruling by the judge, and if it is to be taken that an exception was taken to it, that exception must be overruled.

To avoid misapprehension we call attention to the fact that the amount of the costs to be paid to the defendant should be stated in the decree; *East Tennessee Land Co.* v. *Leeson,* 185 Mass. 4; and that if the sums to be paid by the plaintiff for the redemption of her estate are not deposited by her in accordance with the decree for redemption, a final decree stating that fact and dismissing the bill with costs should be entered. *Tetrault* v. *Labbe,* 155 Mass. 497, and cases cited.

*Appeal dismissed. Exceptions overruled.*