### JOHN O'BRIEN *vs.* JAMES A. McGEOUGH.

Suffolk.    October 22, 1915. — November 29, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Execution*, Debtor's right of redemption from sale. *Equity Jurisdiction*, To redeem land from a sale on execution. *Interest*. *Equity Pleading and Practice*, Costs.

In a suit in equity by a judgment debtor under R. L. c. 178, § 33, to redeem land from a sale on execution, it is proper in making a decree for redemption to allow the defendant a reasonable compensation for the care of the property and the collection of the rents.

In making such a decree the defendant is entitled by an express provision of the statute to interest on the amount paid by him for the property "from the time of the levy" and not merely from the date of the execution sale.

By a provision of R. L. c. 178, § 41, the presiding judge in a suit to redeem land from a sale on execution, subject to certain exceptions there mentioned, "may in such suit award costs to either party" and in making a decree for redemption may allow in his discretion the costs of the suit to be taxed in favor of the defendant.

CROSBY, J. This is a bill in equity brought by a judgment debtor under R. L. c. 178, § 33, to redeem land from an execution sale. A final decree has been entered,* from which the plaintiff has appealed. He bases his appeal upon three grounds:

1. The defendant is allowed compensation for the care of the property and the collection of the rents. The sum allowed is found by the master to be a reasonable amount therefor, and the question is, Can any sum whatever be so allowed?

---

* By order of *McLaughlin*, J.

The statute (R. L. c. 178, § 33) provides in part that "the debtor may . . . redeem the same by paying or tendering to the creditor or purchaser, . . . the amount for which they were so . . . sold with interest thereon from the time of the levy, all amounts paid for lawful taxes and assessments, reasonable expenses incurred for repairs and improvements . . . and deducting from such amount in each case the rents and profits received or which might have been received by the creditor or purchaser and with which he is lawfully chargeable." As the creditor or purchaser is chargeable under the statute with the rents and profits received or which might have been received from the land, it is the duty of such creditor or purchaser in possession to collect and account for the rents and profits. Although the statute does not in express terms authorize a charge for such collection, still we are of opinion that reasonable compensation for such services properly may be credited as fairly incidental to the authority given to make such collections. To decide otherwise would be to construe the statute too narrowly, especially in view of its history as shown in the opinion in *Young* v. *Reynolds*, 218 Mass. 129. That case held that in a bill to redeem, interest was properly allowed to a purchaser at an execution sale on sums expended by him while in possession for reasonable expenses and improvements. The case at bar is to be distinguished from *Clark* v. *Story*, 208 Mass. 36, and *Mayhew* v. *Martha's Vineyard National Bank*, 203 Mass. 511, in each of which, being bills to redeem from a mortgage, it was held that amounts paid entirely outside the indebtedness secured by the mortgage and relating to wholly independent matters could not be allowed.

2. The master found that the defendant was entitled to interest on the amount paid for the property from the date of the sale, but the final decree provides for the payment of interest thereon from the time of the levy. The decree is right in this respect and the master was wrong, as his finding was too favorable to the plaintiff. The statute (R. L. c. 178, § 33) expressly provides that interest upon the amount for which the land is sold shall be paid "from the time of the levy."

3. The question of costs may be disposed of briefly. The presiding judge allowed the costs of the suit to be taxed in favor of the defendant. This was a matter wholly within the discretion

of the court. Section 41 of the statute above referred to expressly provides that "The court may in such suit award costs to either party," subject to certain exceptions therein stated, none of which is applicable to the suit at bar. *Young* v. *Reynolds,* 218 Mass. 129, 134.

*Decree affirmed with costs.*

The case was submitted on briefs.
*A. B. Comstock,* for the plaintiff.
*J. A. McGeough, pro se.*