BRUCE T. ROWELL vs. MARIE L. ROWELL. November 29, 1979. The plaintiff, the former husband of the defendant, brought suit to redeem certain real estate pursuant to G. L. c. 236, § 33, which had been sold to the defendant (wife) at a sheriff's sale. The wife appeals from a judgment ordering her to reconvey the property upon payment by the plaintiff of the amount of the underlying debt with interest, but which does not require the plaintiff to pay taxes and expenses of the property.

The judge's findings are supported by the evidence. The findings as supplemented by our examination of the transcript as appearing in the record, see *Zuckerman* v. *Blakeley,* 3 Mass. App. Ct. 685, 687 (1975), indicate that the plaintiff made good faith efforts to redeem the land in accordance with all the applicable provisions of G. L. c. 236, § 33, including the payment of reasonable expenses, that the wife's actions in refusing to convey were not "in good faith," and that the wife throughout attempted to thwart the plaintiff's right to redeem.

Even assuming, as is not the case, that the wife's conduct did not excuse the plaintiff's failure, if any, to comply with the requirements of § 33, the wife has not provided this court with an appendix sufficient to support her claim that any additional payments were due and that there was error in the judge's failure to require the payment of expenses. The appendix does not include any of the exhibits relating to expenses, see *Kunen* v. *First Agricultural Natl. Bank,* 6 Mass. App. Ct. 684 (1978), and the wife's testimony on that subject as contained in the transcript is totally inconclusive. Moreover, the testimony shows that the property produced considerable amounts of income which under § 33 are chargeable to the wife and are deductible from the amount of the expenses.

*Judgment affirmed.*

The case was submitted on briefs.
*Richard L. Hull & F. Dale Vincent* for the defendant.
*Jack L. Altshuler* for the plaintiff.