JOSEPH J. LYONS *vs*. SUMNER BAUMAN.

No. 89-P-1402.

Norfolk. January 15, 1991. - August 14, 1991.

Present: PERRETTA, PORADA, & GREENBERG, JJ.

*Interest. Judgment,* Interest. *Practice, Civil,* Judgment, Execution, Appeal. *Statute,* Construction.

The amount payable by a judgment debtor to redeem certain real property from the purchaser at a sheriff's sale properly included interest on the judgment from the date of the sale; the purchaser was not entitled to additional interest measured from the date execution was levied on the property. [215-218]

This court declined to reach an issue that had not been preserved by a cross appeal. [218]

CIVIL ACTION commenced in the Superior Court Department on April 7, 1988.

The case was heard by *Suzanne V. DelVecchio,* J., on a motion for summary judgment.

*Sumner Bauman,* pro se.

*Wade M. Welch* for the plaintiff.

PERRETTA, J. When the defendant, the purchaser of the plaintiff's real property at a sheriff's sale, disputed the amount tendered by the plaintiff to redeem the property under G. L. c. 236, § 33, the plaintiff brought this action under G. L. c. 236, § 40. The controversy concerns only the amount of interest owed the defendant. When he purchased the property, he paid the amount of the judgment against the plaintiff, interest on that judgment up to the time of the sale, and costs. The plaintiff's tender included the defendant's purchase price with interest thereon from the date of the sale. The defendant claims that under § 33, interest must be computed "from the time of the levy," which here occurred thirty-four months prior to the sale. A Superior Court judge

ruled that to allow interest to be computed on money when it had yet to be expended would constitute an impermissible penalty and entered summary judgment for the plaintiff. We conclude that the plaintiff's tender included the requisite amount of interest owed the defendant and affirm the judgment.

1. *The facts.* There are no facts in dispute. On September 29, 1983, Advanced Driver Leasing (ADL) obtained a judgment in the amount of $7,386.31, against the plaintiff. A writ of execution was levied on his property on June 7, 1984, and there followed numerous legal proceedings up to April 8, 1987, the date of the sheriff's sale. The defendant, on behalf of and as attorney for ADL, purchased the property for $11,813.25. This sum included the amount of ADL's judgment with interest thereon, at the rate of twelve percent, up to the date of the sale.

On April 7, 1988, the plaintiff tendered $12,791.97, to redeem the property. That sum included the amount paid by the defendant at the sheriff's sale, his costs, and interest thereon, at the rate of twelve percent, from the date of the sale to the date of the tender. The defendant insists he is entitled to an additional $5,437.33, that is, interest on the judgment from the date of the levy, June 7, 1984.

2. *Discussion.* We begin our discussion with the observation made by the Superior Court judge in ruling on the plaintiff's motion: "Interest is intended to make one whole for his damages. *Leahy* v. *Local 1526, A.F.S.C.M.E.*, 399 Mass. 341, 354 (1987). Interest shall not be in the nature of a penalty, rather it is to compensate a party for delay in obtaining his money. See *Mirageas* v. *Massachusetts Bay Transp. Authy.*, 391 Mass. 815, 821 (1984). *Bernier* v. *Boston Edison Co.*, 380 Mass. 372, 388 (1980)." Prior to the date of the sheriff's sale, the defendant neither had an interest in the money owed to ADL or in the plaintiff's property nor had he expended any money on account of the plaintiff. At the sale, he received the plaintiff's property in exchange for that amount necessary to compensate ADL fully for the delay it experienced in obtaining its money, that is, the amount of the

judgment against the plaintiff with interest thereon up to the date of the sale. If the plaintiff is required to pay the defendant interest on the judgment from the date of the levy, he will not only be paying interest twice, he also will be paying the defendant for a delay he did not experience in obtaining his money.

The defendant offers no explanation for such an entitlement other than his literal interpretation of §33 which, as here pertinent, provides that when land has been sold on execution, the debtor may redeem his property within one year of the sale by tendering to the purchaser the amount for which the property was sold "with interest thereon from the time of the levy." He sweeps aside the consequences of his reading of §33 to the plaintiff by claiming them to be immaterial because a statute cannot be interpreted "so as to avoid injustice or hardship if its language is clear and unambiguous and requires a different construction." *Rosenbloom* v. *Kokofsky*, 373 Mass. 778, 781 (1977).

There is, however, another rule of statutory construction which requires that "technical words and phrases, and such others as might have acquired a peculiar and appropriate meaning in the law, are to be construed and understood according to such peculiar and appropriate meaning, unless such construction would be inconsistent with the manifest intent of the Legislature, or repugnant to the context . . . of the statute." *Borenbaum* v. *Employers' Liab. Assur. Corp.*, 311 Mass. 282, 285 (1942).

Section 33 has been construed other than literally where to do otherwise would frustrate or exceed its purpose "to secure and protect the rights of a creditor . . . to obtain full satisfaction of his execution out of the real estate of his debtor." *Taylor* v. *Robinson*, 2 Allen 562, 565 (1861). Interest runs on a judgment until the issuance of the execution. See G. L. c. 235, §8. The execution creates a lien which is then perfected by a levy of execution. See *Wright* v. *Morley*, 150 Mass. 513 (1890). But the collection process does not necessarily end with the levy, and additional costs and delay may be incurred before the debt is satisfied. Thus, §33 has been

construed as protection against impairment of a creditor's rights by reason of any costs or delay incurred or experienced, but not caused, by him in the process of obtaining satisfaction of the underlying debt. See *Taylor* v. *Robinson*, 2 Allen at 565; *Bucknam* v. *Lothrop*, 9 Allen 147 (1864); *Young* v. *Reynolds*, 218 Mass. 129 (1914). Cf. *Rowell* v. *Rowell* 8 Mass. App. Ct. 936 (1979).

Because the purchase price paid by the defendant included interest on the judgment up to the date of the sale and because the tender made by the plaintiff included the purchase price and interest from the date of the sale, the offer provided the defendant with all that was required by § 33, full compensation. He is not entitled to more.

We do not find support for the defendant's demand in *O'Brien* v. *McGeough*, 222 Mass. 303, 304 (1915), where the court rejected a claim, that interest should run from the date of the sale, on the basis that § 33 "expressly provides that interest . . . shall be paid 'from the time of the levy.' " What does not appear in the opinion but which is disclosed in the record and briefs on file is the fact that the purchaser was also the judgment creditor. Had interest been set as of the date of the sale, the award would have been "too favorable," *ibid.*, to the debtor. Moreover, the main issue in the case concerned whether compensation should be allowed for the creditor-purchaser's efforts in collecting rents and caring for the property. The court allowed the compensation: "Although the statute does not in express terms authorize a charge for such collection . . . reasonable compensation for such services properly may be credited as fairly incidental to the authority given to make such collections. To decide otherwise would be to construe the statute too narrowly, especially in view of its history as shown in the opinion in *Young* v. *Reynolds*, 218 Mass. 129." *Ibid.*

When *O'Brien* is read in context and with *Young*, 218 Mass. at 132-134, it readily can be understood as standing for the proposition that, as put by another Superior Court judge in denying the defendant's motion for summary judgment, "one who is redeeming property after levy should

make the holder of the property whole." Our opinion is in accord with that principle.

3. *Interest on the judgment.* The present judgment provides for additional interest to the defendant from the time of the plaintiff's tender to the date of the judgment. The plaintiff protests, arguing that the defendant should not be rewarded for his wrongful refusal of the tender. The problem with the plaintiff's argument is that, not having filed a notice of appeal, he is without right to attack the judgment. See *O'Connor* v. *City Manager of Medford*, 7 Mass. App. Ct. 615, 617-618 (1979), and cases therein cited. There is nothing to show that the defendant acted in bad faith. Cf. *Bagley* v. *Illyrian Gardens, Inc.,* 28 Mass. App. Ct. 127, 133-134 (1989). We do not view his erroneous refusal as such a "compelling circumstance[]" that we should consider the claim in the absence of a cross appeal. *O'Connor* v. *City Manager of Medford, supra.*

*Judgment affirmed.*