### JOHN CULLEN *vs.* CATHARINE CAREY.

Essex.   November 7, 1887. — January 9, 1888.

Present: MORTON, C. J., FIELD, W ALLEN, C. ALLEN, & HOLMES, JJ.

*Absolute Conveyance — Mortgage — Devisee — Reconveyance.*

A creditor, under an agreement with his debtor to hold land as security for the debt, got a title thereto by levy of execution on a judgment obtained by consent and by foreclosure of a mortgage. *Held*, that the transaction was a mortgage, and that a general devisee of the creditor could be compelled to reconvey.

BILL IN EQUITY to compel the reconveyance of land on the ground that the transaction by which the defendant's testator gained title was in substance a mortgage.   Writ dated December 24, 1885.

In the Superior Court the case was referred to a master, who found the following facts:

In 1869 the plaintiff bought the land in question, subject to a mortgage, and proceeded to erect a tenement house.   Leonard Carey, the husband of the defendant, who was a carpenter and indebted to the plaintiff for money lent, built the house for the plaintiff, supplying nearly all the materials and labor under an oral agreement whereby his indebtedness to the plaintiff was to be applied in payment of the cost of construction.   When the house was completed, the balance due Carey, after paying his debt to the plaintiff, was $1,106, and the value of the house and

land above the existing mortgage was $3,300. The plaintiff moved into the house and occupied it about six months.

On or about June 1, 1870, the plaintiff and Carey made an oral agreement that Carey should gain title to the premises by levy on execution, and by a sale under the power in the mortgage, and hold them as security for the plaintiff's debt to him, and, after payment of the debt and expenses out of the rents, should reconvey to the plaintiff. In pursuance of this agreement, the plaintiff, on June 1, 1870, gave to Carey a note for $4,000, upon which an action was brought and judgment obtained by default against the plaintiff as agreed. An execution was issued and levied by a sale to Carey of the plaintiff's equity of redemption in the premises for $4,317.39, and a conveyance in due form was made to him on May 29, 1871. On July 6, 1871, Carey, by the payment of $583.17, procured the assignment of the mortgage to a third person, who proceeded in due form to sell the premises under the power therein to Carey for $950, and a deed was given to him and duly recorded.

Prior to the sale on execution and under the mortgage, Carey was put in possession of the premises by the plaintiff, and so continued until his death, on October 25, 1885. At various times the plaintiff demanded of Carey a settlement and reconveyance of the premises, his last demand being made a few days before Carey's death, in the presence and hearing of the defendant. Carey made a will, by which his real estate was devised to the defendant, who took possession of the premises and continued to receive the rents and profits. The defendant declined to file an account, but it was agreed by both parties that the receipts by Carey and the defendant had been sufficient to pay the plaintiff's debt to Carey, including interest and expenses. The master also found that there had been no laches on the part of the plaintiff.

The case was then heard on the report of the master, and a decree was entered that the defendant convey the premises to the plaintiff. The defendant appealed to this court.

*N. P. Frye,* for the defendant.

*J. C. Sanborn,* for the plaintiff.

MORTON, C. J. It was held in *Campbell* v. *Dearborn,* 109 Mass. 130, that, although a deed be given which is absolute in

form, yet the grantor may prove by parol testimony that it was understood and agreed by both parties to be given as security for a debt; and that upon such proof a court of equity will treat the deed as a mortgage.   This is decisive of the case at bar.

For some reason, which does not appear to be fraudulent, the plaintiff did not directly convey the estate in question to the defendant's testator; he permitted the latter to obtain a judgment upon a debt in part fictitious, and thus to get a title by a levy upon the execution, and also to foreclose by a sale under an existing mortgage.   But the substance of the transaction was the same as if a deed had been directly given by the plaintiff.   Both parties agreed that the title thus obtained was to be held solely as security for the debt of the plaintiff to the defendant's testator, and a court of equity will treat the transaction according to its real nature as a mortgage.

The defendant does not stand in the position of an innocent purchaser, as she contends.   She took as a general devisee under the will of her husband, and besides is shown to have had notice of the nature of the transaction.                     *Decree affirmed.*