JAMES J. COFFEY, administrator, *vs.* JOHN H. COFFEY
& others.

Middlesex.   December 4, 1906. — January 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

~ *Executor and Administrator.   Estoppel.*

An executor or administrator cannot be allowed by reason of his position of trust
to gain an advantage which he would not otherwise possess in regard to his
own indebtedness to the estate of his testator or intestate.

A son was the agent of his mother to collect rents, and during her lifetime without
her consent but with the consent of his brother, then living, expended these rents
upon property which he and his brother owned jointly.   The brother died and his
interest in the property on which the money had been expended passed to his
children.   Later the mother died intestate, and her surviving son was appointed
the administrator of her estate.   He and the children of his deceased brother were
the only persons interested in her estate.   The children of the deceased brother
contended that the administrator should be charged in his account with the
amount of rents collected by him before the death of the intestate and disposed
of without her authority.   *Held,* that he was none the less chargeable with the
amount of such rents wrongly dealt with by him because the other persons
interested in the estate had received the advantage of the wrongful expenditure
in the same proportions in which they were entitled to share in the estate.

APPEAL from a decree of the Probate Court of the county of
Middlesex allowing the first and final account of James J. Coffey
as administrator of the estate of Bridget Coffey.

At the hearing before *Morton,* J. the following facts appeared:
Bridget Coffey died on July 10, 1902, intestate, leaving as her
heirs at law James J. Coffey, the administrator, and minor children of another son, John H. Coffey, brother of the administrator,
who died in September, 1898.   The only parties interested in
the account were the accountant himself and the minor children
of John H. Coffey, who were represented by a guardian.   In the
Probate Court the matter was sent to an auditor.   The only item
in dispute was that relating to the personal indebtedness of the
administrator to the estate.   The accountant testified that the
rents of· the estate of Bridget Coffey less expenses thereon collected by him during her lifetime until the death of John H.
Coffey were applied by him in good faith with the assent of John
H. Coffey in payment of claims on the Associate Building

property, in which James J. Coffey and John H. Coffey were interested equally, so that the children of John H. Coffey (the present contestants) actually received by inheritance their full share of the benefit thereof. This evidence was uncontradicted.

Upon that branch of the case the accountant requested the following ruling:

" If the rents of real estate of Bridget Coffey (less expenses thereon) collected by James J. Coffey down to the time of the death of John H. Coffey in September, 1898, were applied in good faith in payment of claims on the Associate Building property in which James J. and John H. were equally interested, so that the children of John H. (the present contestants) received by inheritance their full share of the benefit thereof, it would be contrary to the equitable principles, under which probate accounts are adjusted, to charge the same to the accountant in this proceeding, as that would be equivalent to double payment."

The justice refused to rule as requested, and made a decree charging the accountant with this and other amounts. The accountant alleged exceptions.

*C. H. Conant*, for the accountant.

*A. W. Putnam*, (*M. L. Sullivan* with him,) for the contestants.

RUGG, J. The facts disclosed in this case are that James J. Coffey acted as the agent for his mother, Bridget Coffey, in the collection of certain rents of real estate. Without her assent he expended these rents, with the consent of his brother then living, now deceased, who was the father of the present contestants, upon property in which he and his brother were jointly interested. The only question raised by the exceptions is whether these minor children, having received by inheritance the property upon which the expenditure was made, can insist that this indebtedness to the estate of their grandmother be paid by the accountant. The accountant's rights can be no greater than if he were not the administrator of the estate. He cannot be permitted by virtue of his trust position to gain an advantage, which he would not otherwise possess, with reference to his own indebtedness to the estate. *Stickney* v. *Clement*, 7 Gray, 170. If some other person than himself had been appointed administrator of the estate of Bridget Coffey, the facts, which the accountant proffered, would have constituted no answer by such appointee to

the claims of the present contestants. The accountant was dealing with the rents of his mother's property, in a way which he clearly had no right to do, and under such circumstances as to make himself indebted to her. It has chanced that his wrongful dealing with this income has, inadvertently and without any consent on their part or opportunity to prevent it, redounded to the advantage of the contestants. This. accident cannot be used by the accountant to shield himself from the consequences of his own indebtedness to his mother nor enable him to enforce against the heirs of his brother a claim, which might or might not have turned out to be well grounded, if his brother had survived. *Abbott* v. *Foote*, 146 Mass. 333.

*Exceptions overruled.*