MORRIS ZAFF vs. JACOB BROWN.

LENA ZAFF vs. SAME.

Suffolk. December 12, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, He who seeks equity must do equity, Equitable mortgage. *Mortgage*, Equitable.

In a suit in equity to establish the plaintiff's ownership of land standing in the name of the defendant, it was found that the defendant held title to the land as security for loans and advances made by him to the plaintiff. A decree was entered adjudging that the defendant was an equitable mortgagee of the land, and ordering him to convey it to the plaintiff if the plaintiff within a certain time should pay the amount due to the defendant and also should procure the discharge of the defendant from liability on a note secured by a mortgage on the land given by the defendant. *Held*, that

(1) The statutes as to the foreclosure of mortgages were inapplicable because it did not appear that the plaintiff was the record owner of the land;

(2) The plaintiff in a court of equity was entitled to relief only on such terms as were equitable;

(3) The terms of the decree were just and the decree must be affirmed.

*Whether*, in any circumstances, in a suit in equity which has been heard after the appointment of a stenographer to take the evidence under G. L. c. 214, § 24, Equity Rule 29 (1926), a party appealing from a final decree, by waiver of all right to question findings of fact, may enter his appeal for revision of other errors alleged to be apparent in the record without printing the evidence, was not determined.

Two BILLS IN EQUITY, filed in the Superior Court on February 16, 1928.

The suits were heard by *Cox*, J., a stenographer having been appointed to take the evidence under G. L. c. 214, § 24, Equity Rule 29 (1926). The bills, material facts found by the judge, further proceedings before him, and appeals by the plaintiffs, are described in the opinion.

The cases were submitted on briefs.

*M. Jacobs*, for the plaintiffs.

*S. B. Stein*, for the defendant.

RUGG, C.J. The object of this suit in equity by Morris Zaff, hereafter called the plaintiff, is to declare that the de-

fendant holds the record title to certain real estate only as equitable mortgagee and to order him to convey the same to the plaintiff upon payment of the amount found to be due, and in the meantime to restrain the defendant from selling the real estate. After hearing, findings of fact were made to the effect that the defendant holds the title as security for loans and advances made by him to the plaintiff. An interlocutory decree was entered in substance that the deed to the defendant of the real estate is in equity a mortgage for the security of money lent; that the plaintiff is entitled to redeem the same upon payment of a specified sum within thirty days from the entry of the decree provided also that the plaintiff procures the discharge of the defendant from liability on a certain note secured by second mortgage made by him on the real estate, and that, upon compliance with these conditions by the plaintiff, the defendant shall execute a deed of release and quitclaim to the plaintiff, and further, that, if the plaintiff should fail to comply with the decree within the time limited, the defendant might apply for a decree dismissing the bill. The plaintiff did not comply with this interlocutory decree, but seasonably appealed and a final decree was entered dismissing the bill with costs. From that decree the plaintiff appealed. Thereafter he filed a motion reciting at length that he had in vain sought action by the clerk to relieve him from printing as a part of the record the evidence taken at the trial, and setting forth that he expressly waived any appeal from the findings of fact and accepted them, and that on his appeal he raised only questions of law whether the decrees entered were warranted by the facts found, and praying for appropriate order directing the record to be printed in the usual manner omitting only the evidence, so that he might prosecute his appeal. This motion was denied. The plaintiff appealed. Thereafter the defendant filed a motion to dismiss the appeals for failure to enter them. Affidavits were filed in support of and in opposition to this motion. Thereupon the judge made findings, rulings and order of this tenor: "The final decree was entered in this suit on May 16, 1928. On June 4, 1928, the plaintiff appealed from said final decree. No

order was given to the clerk or deposit paid for printing the record until June 28, 1928, at which time the plaintiff did not order the entire record printed, but expressly directed the clerk to omit the printing of the defendant's plea in bar and answer, defendant's petition for order pending appeal and notice thereon, and defendant's motion to dismiss appeal, notwithstanding the provisions of General Laws, chapter 212, section 11. On June 22, 1928, the motion of the plaintiff to have the record printed without the evidence, which was filed on June 15, 1928, was denied, from which order the plaintiff appealed. I further find that the appeal from the final decree and the appeal from the order denying the plaintiff's motion to have the record printed without the evidence are frivolous and were taken and filed merely for the purpose of delay. The appeals from the final decree and the foregoing order of June 22nd are hereby dismissed. It is further ORDERED, ADJUDGED AND DECREED that the injunctions heretofore issued in this case be and the same are hereby dissolved." The plaintiff appealed.

Numerous questions arise on the whole record. Since the plaintiff cannot prevail and all parties have argued the case on the merits and the practical effect in any event must be the same, this is an instance where there is no objection to stating the grounds of substantive law requiring that result. *Davis* v. *Smith-Springfield Body Corp.* 250 Mass. 278, 284, and cases cited. *E. J. Fitzwilliam Co. Inc.* v. *Commonwealth*, 258 Mass. 103, 106.

The plaintiff was obliged to resort to equity for the establishment of his rights. He was remediless at law. When he came into equity he was obliged to accept relief upon the terms prescribed by a court of equity. The statutes as to foreclosure of mortgages were inapplicable because the plaintiff did not appear to be the owner of the title on the record or by any proceeding at law. He was entitled to redeem only in such manner and upon such terms as a court of equity might determine to be just. There is nothing to indicate that the terms fixed by the interlocutory decree were not just. On the contrary they appear to be fair to the plaintiff. *Campbell* v. *Dearborn*, 109 Mass. 130, 145.

*Alexander* v. *Grover*, 190 Mass. 462, 465. *Southwick* v. *Bigelow*, 237 Mass. 299, 305. *Hutchings* v. *Clerk*, 225 Mass. 483, 487. *O'Brien* v. *Hovey*, 239 Mass. 37, 43. *Holian* v. *Holian, ante*, 563.

It becomes unnecessary to determine whether cases may arise where an appealing party in equity may, by waiver of all right to question the findings of fact, enter his appeal for revision of other errors alleged to be apparent on the record without printing the evidence. See G. L. c. 214, § 24; *Robinson* v. *Donaldson*, 251 Mass. 334, 336; *Romanausky* v. *Skutulas*, 258 Mass. 190, 193.

The suit of Lena Zaff against the defendant depends for its decision upon the decision in the suit by Morris Zaff and requires the same result.

*Decrees affirmed in each case with costs.*