FRED B. THAYER *vs.* JANE H. THAYER.

Worcester.    September 21, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court,* Appeal.    *Marriage and Divorce.*

A stenographer was appointed under G. L. c. 215, § 18, as amended, at the hearing of a libel for divorce in a probate court. A decree *nisi* was entered thereafter, and the libellee appealed. No action was taken on a petition by the libellee that all the evidence be reported. The printed record presented to this court contained requests for rulings by the libellee, with the disposition of them made by the judge of probate, and "excerpts" from the stenographer's report, without any agreement by the parties approved by the judge to the effect that the "excerpts" presented all the evidence material to all questions raised by the appeal. The record contained no report of the material facts by the judge. *Held,* that

(1) The record was defective: the "excerpts" from the stenographer's report afforded this court no basis for review of the rulings by the judge of probate, since their materiality and effect upon the rights of the parties in the light of the whole case did not appear;

(2) The case stood no better in this court than if no evidence were reported, and the only question open was whether the decree was within the scope of the libel;

(3) The decree was affirmed.

LIBEL for divorce, filed in the Probate Court for the county of Worcester on January 10, 1930, and afterwards amended.

A cross libel was filed by the libellee. The case was heard by *Atwood*, J., a stenographer having been appointed under G. L. c. 215, § 18, as amended. By order of the judge, a decree *nisi* was entered in favor of the libellant. The libellee's appeal is described in the opinion.

*C. E. Tupper*, (*J. B. Scott* with him,) for the libellee.

*G. H. Mason*, for the libellant.

RUGG, C.J.    This is a libel for divorce filed in a probate court. The grounds set out in the libel of the husband as originally filed on January 10, 1930, were cruel and abusive treatment and gross and confirmed habits of intoxication. On February 7, 1930, the libellant was allowed to amend his libel by adding an allegation that the libellee at various times committed the crime of adultery with a person whose name and address are known to the libellant. On the same date a further amendment was allowed whereby the name of the co-respondent was inserted. Later the libellee filed an answer denying specifically the charges and alleging by way of cross-libel against the libellant the same grounds as were set out in the libel as amended and naming the co-respondents. When the case came on to be heard a stenographer was appointed on the request of the libellant to take the evidence under G. L. c. 215, § 18, as amended, to be reported to this court. A decree *nisi* was entered granting divorce to the libellant for the cause of adultery on the part of the libellee. The libellee filed requests for rulings which are printed together with the disposition of them made by the judge; she excepted to the action of the judge so far as these requests were denied. Rightly no bill of exceptions was filed. *Mackintosh, petitioner*, 246 Mass. 482. It is assumed that such exceptions would be open here upon an appeal with full report of the evidence. G. L. c. 214, § 25;

c. 208, § 33 (See St. 1931, c. 426, § 95); c. 215, § 9, and § 3 as amended by St. 1922, c. 532, § 7, and c. 542, § 2. *Drew* v. *Drew*, 250 Mass. 41, 43. The libellee appealed from the decree *nisi* granting the divorce. On the same day she filed a petition to the Probate Court reciting that she was aggrieved by the decree and that the evidence had been taken according to law to the end that it be reported to this court and praying that all the evidence be reported. No action appears to have been taken on this petition but it is followed in the record by this statement: "Excerpts from Commissioners Report of Hearing of November 10, 1930 printed at the request of the Appellant." There follow about five printed pages of testimony and discussion between judge and counsel.

There is in the record no agreement by parties approved by the judge to the effect that these so called excerpts from the evidence present all the evidence material to all questions raised by the appeal. Therefore the case is not before us for review of findings and rulings by the trial judge under general equity practice, even if it be assumed that an equity case rightly may be brought before this court on such abridgment of the record. *Romanausky* v. *Skutulas*, 258 Mass. 190, 194. *Zaff* v. *Brown*, 265 Mass. 598, 600, 601. *Gerrity* v. *Wareham Savings Bank*, 202 Mass. 214, 219. *Robinson* v. *Donaldson*, 251 Mass. 334, 336.

The record is informal and defective. *Abeloff* v. *Peacard*, 272 Mass. 56. *Brodrick* v. *O'Connor*, 271 Mass. 240. It contains no report of findings of material facts by the judge. The libellee did not request such report and no such report was made by the judge of his own volition. G. L. c. 215, § 11, see St. 1931, c. 426, § 283. The excerpts from the evidence afford no basis for review of the action of the trial judge. Manifestly they show a partial glimpse of what went on at the trial. The rulings of the trial judge there appearing may not have affected the substantial rights of the parties upon the facts found or upon a survey of the whole case. We cannot know that they did not become immaterial or not of controlling significance. The case stands no better than if no evidence

were reported. The only question open is whether the decree is within the scope of the libel. *Goss* v. *Donnell,* 263 Mass. 521, 523. *Levinson* v. *Connors,* 269 Mass. 209.

The libellee has argued her case on the theory that the only adultery found by the judge to have been committed by her was on a date subsequent to the filing of the libel, but before the filing of the amendment, and that the decree was based solely on such finding. The record does not show facts to support this theory. A request for finding of material facts would have disclosed the ground on which the decree rested. The date of the alleged adultery of the libellee was not specified in the amendment to the libel and it is not disclosed on the record. For aught that the record reveals, the conduct of the libellee by reason of which the decree of divorce was granted was proved to have occurred before the filing of the libel. Since the evidence is not reported we cannot say that that was not the finding of the trial judge.

One of the requests for ruling made by the libellee was that the libellant must prove adultery committed on January 31, 1930, in order to obtain divorce on that ground. Respecting this request the judge ruled "Refused, but immaterial as I find adultery on or about the date stated." It is not likely that this request would have been ruled to be "immaterial" if the only act of infidelity found by the judge to have been committed by the libellee occurred on that date which was subsequent to the filing of the libel. That this was not the only act of infidelity supported by some evidence is apparent from request 12 of the libellee which was predicated upon evidence of such acts "in October or November, 1929," and related to conduct of the libellant which might constitute connivance. That request was refused because "all the facts assumed in the request were" not found to be true; nevertheless the judge may have found that those tending to show adultery were true and those concerning connivance not proved. Her requests 3 and 4 related respectively to instances of improper familiarity and existence of adulterous disposition between the libellee and the co-respondent "prior or subse-

quent to the filing" of the libel.   Both were denied.   Evidence of adultery after the filing of the libel was competent as tending to confirm evidence of similar acts before the filing of the libel.   *Thayer* v. *Thayer*, 101 Mass. 111.  *Murphy* v. *Murphy*, 244 Mass. 110.

No presumptions can be indulged in favor of an appealing party who fails to cause to be set out in the record enough to show harmful error which has affected his substantial rights.   See *Posell* v. *Herscovitz*, 237 Mass. 513, 516, 517.   That principle is especially applicable to a case like the present where the evidence might have been set out at large or where a request for a finding of material facts would have been likely to present every pertinent question of law.

*Decree affirmed.*