CHARLES C. COOK, executor, *vs.* GRACE H. HOWE & another.

Bristol.   April 7, 1932. — October 1, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Probate Court*, Appeal: record; Accounts. *Trust*, Resulting. *Executor and Administrator. Equity Jurisdiction*, Circuity of action.

Upon an appeal by the executor of a will from a decree of a probate court upon an account filed by him, directing him to account for the sale price of a certain parcel of real estate omitted from his account, where several matters had been in controversy at the hearing and the evi-

dence had been taken by a stenographer appointed under G. L. (Ter. Ed.) c. 215, §§ 12, 18, the parties filed a stipulation reciting a brief excerpt from the cross-examination of the accountant and agreeing that the only questions presented for decision upon the appeal related to the items charging the accountant with the sale price of the real estate and interest thereon, that sufficient evidence was introduced to support the findings of fact made by the trial judge, that it could not be found or ruled that such findings were plainly wrong, and that everything not material to such questions might be omitted from the record. The trial judge certified that the stipulation and findings contained an adequate summary of the proceedings material to the issue raised by the appeal. *Held,* that such a record was correct procedure under G. L. (Ter. Ed.) c. 214, §§ 24, 25; c. 215, § 12.

At a hearing in a probate court upon an account of an executor of a will, an issue was, whether the executor should account for the price received by him upon sale of a certain parcel of land, which had been purchased in the lifetime of the testator and title to which had been taken in the name of the executor, who then was and for many years had been the agent and trusted adviser of the testator. All interested parties were before the court and the issue was fully tried. The judge of probate found that the parcel of land was and remained the property of the testator, that the accountant held it in his name in trust for the testator, who never gave it to him, that, the record title at the time of the sale being in the name of the accountant, the purchaser doubtless obtained a good title and that the residuary devisees were willing to accept the price obtained as the fair value of the property; and he ruled that the accountant should account as executor for the proceeds of the sale with interest. Upon appeal from a decree to that effect, it was *held,* that, although, strictly speaking, the liability to account was by the accountant as trustee, to avoid circuity of action it was proper in the circumstances to require him as executor to account in the proceeding then before the court.

PETITION, filed in the Probate Court for the county of Bristol on June 18, 1929, by the executor of the will of Lizzie A. Borden for the allowance of his first account.

The petition was heard by *Hitch,* J. Material evidence and facts and a decree entered by order of the judge are stated in the opinion. The petitioner appealed.

*A. E. Seagrave,* for the petitioner.

*J. W. Allen,* (*F. C. Allen* with him,) for the respondents.

RUGG, C.J. This is an appeal from a decree of a probate court touching an executor's account. Findings of material facts by the trial judge show that in December, 1926, a house and lot were purchased and the deed taken in the name of the accountant who was and had been for many

years the agent and trusted adviser of Lizzie A. Borden. Considerable money was spent by Miss Borden on the estate. She died testate and the accountant was appointed executor of her will. He then claimed that the testatrix intended him to have the estate and purchased it for him. He later sold it for a substantial sum of money and for this has never accounted to her estate. The judge found that the estate was and remained the property of Miss Borden and that the accountant held it in his name in trust for her, that she never gave it to him and that, the record title at the time of the sale being in the name of the accountant, the purchaser doubtless obtained a good title and that the residuary legatees are willing to accept the price obtained as the fair value of the property. The judge ruled that the accountant should account as executor for the proceeds of the sale with interest. There is no copy of the will of the testatrix or of any part of it in the record. Decree was entered modifying the account in accordance with the findings and ruling. The accountant appealed.

A stenographer was appointed under G. L. c. 215, §§ 12, 18, to take the evidence. Several matters were in controversy at the hearing. The parties filed a stipulation reciting a brief excerpt from the cross-examination of the accountant and agreeing that the only questions now presented for decision relate to the items charging the accountant with the sale price of this real estate and interest thereon, and that sufficient evidence was introduced to support the findings of fact made by the trial judge and that it could not be found or ruled that such findings were plainly wrong, and that everything not material to the questions may be omitted from the record. The trial judge certified that the stipulation and findings contain an adequate summary of the proceedings material to the issue raised by the appeal. The record has been printed in this abbreviated form. This was correct procedure under G. L. c. 214, §§ 24, 25, imported into probate practice by G. L. c. 215, § 12. *Gerrity* v. *Wareham Savings Bank*, 202 Mass. 214, 219. *Robinson* v. *Donaldson*, 251 Mass. 334, 336. *Romanausky* v. *Skutulas*, 258 Mass. 190,

194. *Zaff* v. *Brown,* 265 Mass. 598, 601. *Columbian In-
secticide Co. of Boston* v. *Driscoll,* 271 Mass. 74, 77. *Thayer*
v. *Thayer,* 277 Mass. 256, 258.

The transaction between the accountant and Miss Borden
wherein the purchase price for real estate was paid by her
and the title taken in his name created a resulting trust for
her benefit. He held the legal title in trust for her and
she was the beneficiary. He was the trustee and she was
the *cestui que trust. Howe* v. *Howe,* 199 Mass. 598, 600,
601. The nature of her interest was an equitable estate in
fee. *Peabody* v. *Treasurer & Receiver General,* 215 Mass.
129, 131. *Baker* v. *Commissioner of Corporations & Tax-
ation,* 253 Mass. 130, 138. *Coolidge* v. *Old Colony Trust
Co.* 259 Mass. 515, 521. It was said in *Cushing* v. *Blake,*
3 Stew. (N. J.) 689, 695: "Trust estates are subject to the
same incidents, properties and consequences as, under like
circumstances, belong to similar estates at law. They are
alienable, devisable and descendible in the same manner."
*Cornwell* v. *Wulff,* 148 Mo. 542, 554. *Stonecypher* v. *Cole-
man,* 161 Ga. 403, 409. Perry on Trusts, § 357. G. L.
c. 190, § 3. It follows that the interest of the testatrix at
the time of her death in this property had all the incidents
of real estate. It would go to her devisees or, in the event
of intestacy, to her heirs at law. An executor in the ab-
sence of testamentary power conferred upon him has noth-
ing to do with real estate save in appropriate instances to
collect and be accountable for the rent, G. L. c. 206, § 8,
unless and until he is licensed to sell it for the payment of
debts and legacies under G. L. c. 202. *Hooker* v. *Porter,*
271 Mass. 441, 446. Therefore if the real estate had not
been sold by the accountant as holder of the legal title, it
would have no proper place in his account. The devisees
under the will of the testatrix would succeed to her as
holding an equitable estate in fee in it. The accountant
has sold the real estate and converted it into cash. Such
sale was made by him in his capacity as trustee holding the
legal title and not in his capacity as executor. Doubtless
these are separate and distinct capacities. It is important
to preserve and enforce this distinction. *Welch* v. *Boston,*

211 Mass. 178. *Sears* v. *Nahant*, 215 Mass. 329. *Brackett* v. *Fuller*, 279 Mass. 62. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. *Eaton* v. *Walker*, 244 Mass. 23, 31. Having sold real estate in his capacity as trustee and having conveyed a good title to the purchaser, the accountant in his capacity as trustee holds the money received therefor in place of the land subject to all the obligations and trusts to which the land itself was subject. Such sale does not change the rights of the beneficiaries. *Holland* v. *Cruft*, 3 Gray, 162, 180. *Glazier* v. *Everett*, 224 Mass. 184, 189. The accountant in his capacity as trustee would be subject to suit in equity to account to the devisees of the real estate under the will of the testatrix for the proceeds of the sale or for the value of the real estate sold.

The accountant however is a single individual combining in one personality both the executor and the trustee. He has been to a certain extent faithless as trustee by refusing to recognize his trust relationship, by conveying the real estate held by him subject to the trust as if it were his own absolute property, converting it into cash and asserting ownership of the cash thus received and refusing to pay it to its rightful owners. He is in a probate court with respect to a matter where the proceedings are to be considered to be for all purposes in equity. G. L. (Ter. Ed.) c. 206, § 4; c. 215, §§ 2, 3, 6. He holds money as it were in one hand for which he must account as the executor and money in the other hand for which he must account as the trustee, both relations having been created and established by the testatrix. It has been found expressly that the "residuary legatees are willing to accept the price obtained as the fair value of the property." The necessary implication of this finding is that all the beneficiaries under the resulting trust, arising from the purchase of the real estate with the money of Miss Borden and the taking of title in the name of the accountant, are before the court now as parties to the account. Therefore there is no diversity of beneficiaries. The residuary legatees must be presumed to be the *cestuis que trust*. They are content to have the

matter adjusted in the single proceeding now before the court.

As trustee Cook not only wrongfully denied the existence of the trust but he wrongfully converted the real estate held by him as trustee into money and holds it for his own. No advantage as executor ought to accrue to him from this course of conduct. All persons in interest are before the court and all except him desire to treat the trust *res* as money. There is authority to the effect that, if a third person were trustee, who had done that which Cook has done in his capacity as trustee, the executor, if actually representing all the *cestuis que trust*, could maintain suit for the recovery of the trust fund. In those circumstances, as between an executor and such faithless trustee, the trust *res* would be treated as money, although as between the executor and the beneficiaries of the trust the money would be regarded as real estate in the final distribution. That clearly would be so if the faithless conduct occurred before the death of the testatrix. *Parker* v. *Simpson*, 180 Mass. 334, 358–359. See *Clark* v. *Seagraves*, 186 Mass. 430, 437. It is established that an executor must treat any debt owed by him to his testator as a money asset of the estate and account for it as executor. *Hobart* v. *Stone*, 10 Pick. 215, 220. *Leland* v. *Felton*, 1 Allen, 531, 535, 536. This is an application of the principle that an executor ought not to gain any personal advantage from his trust position which he would not otherwise possess. *Coffey* v. *Coffey*, 193 Mass. 398, 399.

The issues involved appear to have been fully tried. It is desirable that circuity of action be avoided. The case is unusual. Manifest justice seems to require that the controversy be settled on the findings made after a fair hearing. The difficulties in the way are highly technical. While orderly processes although savoring sometimes of technicality must be preserved, *Clabburn* v. *Phillips*, 245 Mass. 47, there is in our decisions strong analogy, if not direct authority, to support the conclusion that the present proceeding affords a remedy. All parties in interest are before a court of equity. The issue has been raised upon

the record. Any judgment will be *res judicata* and will protect and bar all parties if attempt be made to raise the issue in other litigation. In these circumstances we think that the accountant ought to account for all moneys due from him and ought not to be allowed to separate his dual capacities from his single personality. *Forbes* v. *Keyes*, 193 Mass. 38, 41.

*Decree affirmed.*