## SHAPIRO v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3469.

Circuit Court of Appeals, First Circuit.
Dec. 29, 1939.

James P. Brennan, of Boston, Mass., for petitioner for review.

Ugo Carusi, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Louise Foster, Sp. Assts. to Atty. Gen., on the brief), for the Commissioner.

Before WILSON and MAGRUDER, Circuit Judges, and PETERS, District Judge.

MAGRUDER, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals redetermining a deficiency of $4,778.14 in the taxpayer's income tax liability for the year 1933.

Petitioner owned a piece of real estate on which he put a mortgage to secure a loan of $125,000, evidenced by a note payable in December, 1933. Uncontradicted testimony of an Internal Revenue agent was to the effect that the property was carried on petitioner's books until that period in 1933. On his income tax return for 1933, petitioner made the following statement:

"The taxpayer carried on his books real estate subject to a mortgage which was greater than property. During 1933, taxpayer was obliged to surrender this property to the mortgagee. This resulted in an increase on the books, to the taxpayer's capital account. This increase is not shown as income on return as same is considered not taxable by taxpayer."

It is conceded now that a taxable gain was realized, and the amount is not in dispute. When the Commissioner undertook to assess a tax on this gain as of the year 1933, petitioner made the claim that the transaction had been consummated in 1932 (though not reported on the return for 1932), and that assessment for that year was barred by the statute of limitations. Revenue Act of 1932, § 275, 47 Stat. 237, 26 U.S.C.A. § 275. To support this claim, there was offered in evidence a deed dated December 10, 1932, and recorded three days later, by which petitioner granted the property, subject to incumbrances, to one Wellings, a "straw" for the New England Trust Company. We assume that the Trust Company was mortgagee or assignee of the mortgagee, though even this is not clear from the record. No proof was offered of the agreement between the parties with reference to this conveyance. Petitioner himself was a witness but significantly he did not testify that the mortgagee released the debt in 1932, in exchange for a conveyance of the mortgagor's interest. The conveyance, though absolute on its face, is consistent with an understanding that petitioner should remain an equitable mortgagor. Cf. O'Brien v. Hovey, 1921, 239 Mass. 37, 131 N.E. 342. It is consistent, further, with the assumption that not until December, 1933, when the note became due, did the debtor by agreement with the mortgagee relinquish his interest in the land in exchange for a full discharge of the debt. This would explain why the property was carried on petitioner's books until December, 1933, and why petitioner in his 1933 return reported that the transaction had been closed during that year.

The burden of proof was upon petitioner to show that the Commissioner's determination was incorrect. Helvering v. Taylor, 1935, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623. It is obvious on the record that this burden was not sustained.

The decision of the Board of Tax Appeals is affirmed.