McCann, John S., J.
The defendant Smallwood Village Associates, Inc. and Kentco Development Co. filed a post-trial Motion to Strike the letter of late Michael McDowell and four estimates of work from evidence. At trial, the court admitted the exhibits “de bene.” Smallwood and Kentco objected to the admission of the exhibits at the time of trial but now file this Motion to Strike. The issue is whether the defendants’ failure to move to strike evidence admitted de bene at the close of the offering parties’ case despite a timely objection when such evidence was offered precludes them from now moving to strike the disputed evidence in a post-trial motion. This Court rules that the defendants are precluded from challenging the evidence at this stage of proceedings.
DISCUSSION
The trial judge in his discretion may allow the evidence to go in provisionally or de bene, that is, on condition that the offering party show the relevance of such evidence. Clarke v. City of Fall River, 219 Mass. 580, 586 (1914); Muldoon v. West End Chevrolet, Inc., 338 Mass. 91, 98 (1958). When evidence is offered de bene it is not enough that the party against whom it is offered objects to the evidence in the usual manner. Alexander v. Grover, 190 Mass. 462, 466 (1906); Raymond Syndicate, Inc. v. American Radio & Research Corp., 263 Mass. 147, 152 (1928). In addition, if at the close of the evidence of the offering party the latter has failed to make relevant the evidence admitted de bene, the aggrieved party must move to strike the evidence admitted de bene. See Muldoon, 338 Mass. at 98 (where exhibits were admitted subject to leave to the objecting party to move to strike them out later, and *204 the objecting party made no such motion, there was no error); Brady v Finn, 162 Mass. 260, 267 (1894); Putnam v. Harris, 193 Mass. 58, 62 (1906); Doon v. Felton, 203 Mass. 267, 272 (1909).
If he does not move to strike at the close of the offering party’s evidence, an objection to the admission of the evidence taken when it was admitted de bene will not save his rights. See, Petition of Peterson, 354 Mass. 110, 115 (1968) (loss of rights for failure to move to strike evidence conditionally admitted); Shannon v. Ramsey, 288 Mass. 543, 550 (1934) (objection to admission of de bene evidence properly overruled where no motion to strike made subsequently); Alden Bros. Co. v. Dunn, 264 Mass. 355, 362 (1928).
CONCLUSION
For the aforesaid reasons, the defendants are precluded from challenging the admissibility of the evidence in question in this post-trial Motion to Strike and the Motion is DENIED.